```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION
```

```
WILLIAM G. CURTIS,               )
                                 )
Petitioner,                      )
                                 )
vs.                              )   NO. 2:04-CV-443
                                 )       (2:98-CR-78)
UNITED STATES OF AMERICA         )
                                 )
Respondent.                      )
```

## ORDER

This matter is before the Court on the Petition Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner, William G. Curtis, on October 21, 2004. For the reasons set forth below, this Petition is **DENIED**. The Clerk is **ORDERED** to DISMISS this case with prejudice. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 05512-027, at the Federal Prison in Terre Haute, or to such other more recent address that may be on file for Petitioner.

BACKGROUND

Petitioner, William G. Curtis, was convicted on multiple counts related to his participation in a drug conspiracy in Gary, Indiana, in the course of which two people were murdered. After being convicted, Curtis appealed to the Seventh Circuit, which was denied on March 31, 2003. A detailed account of the underlying facts in this case can be found in *United States v. Curtis*, 324 F.d 501 (7th Cir.

2003). The Court assumes familiarity with that opinion. Curtis next petitioned the United States Supreme Court for a writ of certorari, which was denied on Nov. 3, 2003.

Petitioner then followed with the instant motion, raising numerous claims. First, Petitioner claims his counsel was ineffective for failing to challenge the validity of the 18 U.S.C. section 924(j) counts of the indictment. Second, Petitioner alleges various errors with this Court's findings at sentencing with regards to drug quantity and his criminal history. Third, he seeks the benefit of *Blakely v. Washington*, 542 U.S. 296 (2004). Fourth, he asserts his counsel was ineffective for failing to challenge a search that produced evidence against him. Fifth, he claims the Government failed to provide sufficient evidence to convict him of Count four of the indictment. Sixth, he argues his counsel provided ineffective assistance for failing to attach the section 924(c) counts in the indictment. Seventh, he asserts his counsel provided ineffective assistance by not objecting to testimony provided by Tajuan Allen. Finally, Petitioner requests an evidentiary hearing on his claims.

DISCUSSION

Habeas Corpus Relief

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition

pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal.  *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313.  Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice.  *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the

well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guidelines in mind.

Ineffective Assistance of Counsel

Because counsel is presumed effective, a defendant bears a heavy burden in proving that his attorney rendered ineffective assistance. *United States v. Guerrero,* 938 F.2d 725, 727 (7th Cir. 1991). A conviction will be reversed only if the defendant satisfies the test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). Under this test, the defendant must show: 1) that the attorney's representation fell well-below an objective standard of reasonableness (performance prong); and 2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different (prejudice prong). *Dugan v. United States,* 18 F.3d 460, 463 (7th Cir. 1994). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

As indicated above, Petitioner makes numerous ineffective assistance claims, which will be addressed in turn.

To start, he asserts his counsel was ineffective for failing to challenge the validity of the 2 separate section 924(j) counts of the indictment. Basically, Petitioner asserts that his counsel should have argued to this Court that the indictment was defective because the two 924(j) counts, and convictions, were based on the same underlying drug offense. However, Curtis' attorney made this substantive argument on appeal and the Seventh Circuit found the argument to be without merit. *Curtis*, 324 F.3d at 507-08.

-5-

Petitioner's attempt to recycle this argument he pursued on direct appeal by recasting it as a claim for ineffective assistance is to no avail. Because the Seventh Circuit found it was proper for the Government to charge and the jury to convict Petitioner of the two section 924(j) violations at issue, it can only logically follow that his attorney caused no prejudice in failing to raise that issue during the trial phase.

As his next ineffective claim, Petitioner claims his counsel failed to request a special verdict on the amount of drugs. Basically, relying on *United States v. Booker,* 125 S.Ct. 738 (2005), Petitioner contends his attorney was ineffective for failing to request that the jury find his drug quantity beyond a reasonable doubt. However, *Blakely*, and its counterpart *Booker*, "do[] not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because Petitioner's case became final before January 12, 2005, he is unable to pursue this line of reasoning.

Next, Petitioner claims his counsel was ineffective for failing to suppress evidence seized from 2282 Jefferson Street on May 27, 1998. The fundamental problem with this argument is that, even if his counsel would have attempted to suppress evidence seized from this search, it would have been fruitless as Petitioner did not have standing to challenge the search. "[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he

-6-

personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Minnesota v. Carter*, 525 U.S. 83, 88 (1988). Petitioner has wholly failed to demonstrate that he had any, much less the requisite, expectation of privacy in the residence located at 2282 Jefferson Street. Therefore, he has failed to establish any prejudice in his counsel's failure to attempt to challenge that search.

Petitioner's next claim alleges his counsel was ineffective in failing to challenge the 924(c) counts in the indictment. However, Petitioner fails to support this allegation with any specificity. In fact, Petitioner does not even state the basis upon which his counsel "should have" challenged these counts. As such, he has failed to meet the performance prong of *Strickland*.

As his final ineffective assistance claim, Petitioner asserts his counsel was ineffective in failing to object to hearsay testimony from Tajuan Allen, resulting in a violation of the Confrontation Clause. Petitioner predicates his legal argument on *Crawford v. Washington*, 541 U.S. 36 (2004). Petitioner's reliance on *Crawford* is misplaced. *Crawford* only excludes testimonial statements, and because Allen's complained of statements were made by a co-conspirator of Curtis' in furtherance of that conspiracy, they are not testimonial. *Id.* at 55. Accordingly, *Crawford* is not implicated. Thus, Petitioner can show no prejudice in his counsel's failure to object in this regard.

In sum, Petitioner has failed to satisfy both the performance and

prejudice prongs as to any of his ineffective assistance claims. Accordingly, these claims must fail.

### Sentencing Enhancements

Petitioner argues that this Court attributed the incorrect drug quantity and criminal history to him during sentencing. As a threshold matter, however, a challenge to a district court's application of the Guidelines is not an appropriate basis for seeking relief under section 2255. See *Taylor v. Gilkey*, 314 F.3d 832, 833 (7th Cir. 2002)(explaining that, because the Guidelines are not "laws" for purposes of a section 2255 motion, an alleged error in their application cannot form the basis of a proper section 2255 motion)(citation omitted). On that basis, Petitioner's claims as they relate to the Court's application of the Guidelines are denied.

Moreover, as explained above, Petitioner is barred from raising constitutional issues in his section 2255 motion that were not raised on direct appeal unless he demonstrates either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; and (2) that the district court's refusal to consider those claims would lead to a fundamental miscarriage of justice. *McCleese*, 75 F.3d at 1177. Equally fatal to Petitioner's claim is that he does not even begin to meet either of these tests.

Sufficiency of Evidence under Count 4

Upon conclusion of trial, the jury found Petitioner guilty of Count 4 for the murder of Dontrell Hamilton in furtherance of the drug conspiracy. Petitioner claims that he cannot be held responsible for the murder of Dontrell Hamilton because he was not present at the time. Be that as it may, the Seventh Circuit has already considered this argument and found it to be without merit. *Curtis*, 324 F.3d at 506-07. The Court will not now address an issue that has already been decided by the Seventh Circuit in Petitioner's direct appeal.

Evidentiary Hearing

Petitioner seeks an evidentiary hearing on his section 2255 motion. Notably, however, a hearing of this sort is not required as a matter of course. Indeed, a section 2255 motion "is subject to dismissal, without an evidentiary hearing, if the grounds for relief are not cognizable under section 2255 or amount to mere 'bald' assertions without sufficient particular and supportive allegations of fact. *Barrett v. United States*, 965 F.2d 1184, 1186 (7th Cir. 2002). Such is the case here.

CONCLUSION

For the reasons set forth above, the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this

case **WITH PREJUDICE**.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 05512-027, at the Federal Prison in Terre Haute, or to such other more recent address that may be on file for Petitioner.


**DATED:  January 5, 2006**              /s/RUDY LOZANO, Judge
                                         **United States District Court**