IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM G. CURTIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   NO. 2:04-CV-443 |
| | )       (2:98-CR-78) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Application for a Certificate of Appealability, filed by Petitioner, William G. Curtis, on April 5, 2006. For the reasons set forth below, Petitioner's Request for a Certificate of Appealability is **DENIED**.

BACKGROUND

Petitioner, William G. Curtis, was convicted on multiple counts related to his participation in a drug conspiracy in Gary, Indiana, in the course of which two people were murdered. Curtis then appealed to the Seventh Circuit, which affirmed his conviction. A detailed account of the underlying facts in this case can be found in *United States v. Curtis*, 324 F.3d 501 (7th Cir. 2003). Curtis next petitioned the United States Supreme Court for a *writ of certiorari*, which was denied on November 3, 2003. Petitioner followed with a

collateral attack pursuant to Title 28 U.S.C. section 2255, which was denied.  Among the claims raised, Petitioner argued his counsel was ineffective for failing to suppress evidence seized from 2282 Jefferson Street on May 27, 1998.  However, Petitioner wholly failed to demonstrate that he had any, much less the requisite, expectation of privacy in the residence located at 2282 Jefferson Street. *Minnesota v. Carter*, 525 U.S. 83, 88 (1988) ("[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable.").  Since Petitioner would not have had standing to challenge the search, he failed to establish the requisite prejudice under *Strickland v. Washington*, 466 U.S. 668 at 694 (1984).

In his instant motion, Petitioner again raises the argument that his counsel was ineffective for failing to challenge the May 27, 1998, search of 2282 Jefferson Street.  As explained below, this Court rejects the same argument in the current context.

DISCUSSION

A movant seeking to appeal the denial of a section 2255 petition must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1). Petitioner may obtain a certificate of appealability "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Herrera v. United States*, 96 F.3d 1010, 1012

(7th Cir. 1996); *United States v. Maloney*, No. 97 C 7142, 1998 WL 748265, at *1 (N.D. Ill. Oct. 21, 1998).  To satisfy the standard, Petitioner must demonstrate that the issue he wishes to appeal is "debatable among jurists of reason," or that a court could "resolve the issues" differently, or that the questions presented in his request are "adequate to deserve encouragement to proceed further." *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir. 1997) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)); *Herrera*, 96 F.3d at 1012.

In denying Petitioner's section 2255 petition, this Court found that even if his counsel would have attempted to suppress evidence seized from the May 27 search, it would have been fruitless as Petitioner did not have standing to challenge the search.  Indeed, Petitioner failed to demonstrate that he had any expectation of privacy in the residence located at 2282 Jefferson Street.  Curtis now claims he did have standing because he had "dominion and control" over 2282 Jefferson Street.  However, Petitioner fails to substantiate this allegation with any concrete facts with citations to the record.

Upon due consideration, the Court finds that its analysis employed to deny Petitioner's section 2255 petition is not: 1) debatable among jurists of reason; 2) questionable such that another court could resolve the issues differently; or 3) questionable such that Petitioner deserves encouragement to proceed further.  *Porter*, 112 F.3d at 1312; *Herrera*, 96 F.3d at 1012.  Accordingly, Petitioner

has not met the "substantial showing" necessary to receive a certificate of appealability.  *Id.*  As a result, his request is **DENIED.**


DATED:  April 11, 2006            /s/RUDY LOZANO, Judge
                                  **United States District Court**