UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:98 CR 78 |
| ) | |
| WILLIAM CURTIS ) | |

## ORDER REDUCING SENTENCE

Defendant William Curtis, through appointed counsel, has moved for a sentence reduction pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018). (DE # 1297.) For the reasons set forth below, the motion is granted to the extent described in this order.

**I.    BACKGROUND**

In the late 1990s, defendant was a member of a drug conspiracy in Gary, Indiana, run by the 22nd Avenue Boys, a neighborhood street gang affiliated with the Vice Lords. *United States v. Curtis,* 324 F.3d 501, 503 (7th Cir. 2003). "Set against a backdrop of violent street gang turf wars and drug profit feuds," the conspiracy "left behind them a trail of wounded and murdered friends and enemies, as they supplied huge quantities of crack to addicts in the Gary area before the police finally shut them down." *Id.* Defendant's cohort Jamell Rouson brutally murdered two rival gang members in furtherance of the conspiracy. *Id.*

Defendant was ultimately charged with drug and weapon offenses for his role in the conspiracy. After a trial over which Judge Rudy Lozano presided, a jury found defendant guilty of conspiracy to distribute more than 50 grams of crack cocaine in

violation of 21 U.S.C. § 846 (Count 1), employing a juvenile to distribute crack in violation of 21 U.S.C. § 846(a)(1) (Count 2), two counts of using a firearm in furtherance of a drug conspiracy (and causing the death of a person) in violation of 18 U.S.C. § 924(j) (Counts 3 and 4), possession with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1) (Count 6), and carrying a firearm in connection with drug distribution in violation of 18 U.S.C. § 924(c) (Count 7). (DE # 618.)

At sentencing, the court found defendant responsible for more than 1.5 kilograms of crack cocaine. As a result, the total offense level on Counts 1, 2, and 6 was determined to be 40, with a guidelines range of 360 months to life imprisonment. The court sentenced defendant to a term of life on Count 1, and 480 months on Counts 2 and 6, to run concurrent with each other and the other counts. The court further sentenced defendant to life sentences on each of Counts 3 and 4, with each to run consecutive to all other counts. Finally, defendant was sentenced to 60 months on Count 7, to run consecutive to all other counts. (DE # 1274 at 2.)

Defendant now seeks a reduction in his sentence under the First Step Act. (DE # 1297.) The Government opposes the motion. (DE # 1303.) The motion is fully briefed and ripe for ruling.

## II.    ANALYSIS

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the

original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw,* 957 F.3d 734, 735 (7th Cir. 2020).

Defendant is eligible for First Step Act relief on Counts 1, 2, and 6, as these counts either: (1) are eligible crack offenses, or (2) were grouped with the same for sentencing purposes.[1] *United States v. Hudson,* 967 F.3d 605, 611 (7th Cir. 2020) ("a defendant's conviction for a covered offense is a threshold requirement of eligibility for resentencing on an aggregate penalty"). The court now considers whether a reduction in defendant's sentence is appropriate as to these counts.

As recommended by *Shaw,* 957 F.3d at 741-42, the court considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to defendant's request. Judge Lozano's prior consideration of the Section 3553(a) factors at sentencing remains valid.

First and foremost, the court has considered the somber fact that defendant participated "in a major drug conspiracy in Gary, Indiana, in the course of which two people were murdered." *Curtis,* 324 F.3d at 502. The conspiracy sold more than 4.1 kilograms of crack. (DE # 1274 at 2.) Defendant was also convicted of carrying and

---

[1] Counts 3 and 4, which alleged use of a firearm while drug trafficking (and causing the death of a person) in violation of 18 U.S.C. § 924(j), and Count 7, which alleged use of a firearm while drug trafficking in violation of 18 U.S.C. § 924(c), carried mandatory consecutive sentences, and therefore could not be grouped. U.S.S.G. § 3D1.1(b)(1); *see United States v. Sinclair,* 770 F.3d 1148, 1157–58 (7th Cir. 2014).

3

using firearms in furtherance of the drug conspiracy. Sadly, defendant's conspiracy also employed juveniles for their criminal enterprise. These are serious offenses which caused tragic and irreparable damage to the community. The court has also considered that defendant's behavior during incarceration has been far from exemplary; defendant's disciplinary record during incarceration lists more than 2 dozen sanctions including fighting, assault, possession of dangerous weapons, and refusal to obey orders. (DE # 1274 at 4.)

However, the court has also considered defendant's argument that he has only received 4 disciplinary reports during the last 10 years. (DE # 1297-1 at 4.) The court has considered that defendant's recently improved disciplinary record, along with his educational efforts (including continuing to work at obtaining his GED, despite learning disabilities), were accomplished while defendant was serving multiple life sentences. The court has also thoroughly considered the advisory Sentencing Guidelines range applicable to defendant on Counts 1, 2, and 6, which was originally 360 months - life, but has been reduced to 235 - 293 months under the Fair Sentencing Act and First Step Act reforms. (DE # 1274 at 4.)

For the reasons articulated above, the court finds it appropriate to reduce defendant's term of imprisonment on Counts 1, 2, and 6 from life imprisonment to 293 months. This sentence is at the top of the guidelines range applicable to defendant on the relevant counts, and complies with the First Step Act, as it does not offend the

4

maximum and minimum sentences which would have applied to defendant had the Fair Sentencing Act been in effect at the time of his original sentencing.

The court further finds that a 293-month sentence on Counts 1, 2, and 6 acknowledges defendant's progress and self-advancement during incarceration, while also recognizing the severity of the crimes committed, including lost lives. This sentence is also sufficient but not greater than necessary to comply with the goals of sentencing, and provides sufficient deterrence, both for defendants and for others.

Defendant also requests a reduction in his term of supervised release on Counts 1 and 6, which, under the Fair Sentencing Act of 2010, have a minimum term of supervision of 4 years instead of 5. This request is granted.

Finally, the court denies defendant's request for a hearing on the present motion. *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding a resentencing hearing on a First Step Act motion, noting that "nothing in § 404 [of the First Step Act] plainly requires the district court to hold any sort of hearing at all").

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion for a reduction in his sentence under the First Step Act (DE # 1297) as follows: defendant's term of imprisonment on Counts 1, 2, and 6 is reduced to 293 months to be served concurrently with each other. The term of supervised release on Counts 1 and 6 is reduced to 4 years. Except as provided herein, all provisions of the original and

amended judgments shall remain in effect. Defendant's consecutive life sentences on each of Counts 3 and 4, and his consecutive 60-month sentence on Count 7 remain unaffected by this order.

**SO ORDERED.**

Date: August 18, 2021

                                          s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT